**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GURPREET SINGH,

               Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

               Respondent.

No. 20-72149

Agency No. A208-617-715

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 8, 2021[**]
Seattle, Washington

Before:  W. FLETCHER, WATFORD, and COLLINS, Circuit Judges.

Gurpreet Singh, who is a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of the denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture.  We review the agency's legal conclusions de novo and its factual findings for substantial evidence.  *Bringas-Rodriguez v. Sessions*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* FED. R. APP. P. 34(a)(2)(C).

850 F.3d 1051, 1059 (9th Cir. 2017) (en banc). "Because the BIA expressly adopted the IJ's decision under *Matter of Burbano*, but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). We have jurisdiction under § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252, and we deny the petition.

Singh claims that, due to his active support for the Shiromani Akali Dal Amritsar party in India, he was threatened and assaulted on multiple occasions by members of rival political parties. The agency concluded, however, that Singh did not testify credibly, and it therefore rejected his applications for relief. Such "[a]dverse credibility determinations are reviewed under the same substantial evidence standard as findings of fact." *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1102 (9th Cir. 2004). Under that standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *accord Tawadrus*, 364 F.3d at 1102. Here, the agency provided three "specific and cogent reasons supporting [the] adverse credibility determination," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), each of which is supported by substantial evidence in the record.

First, the agency found that Singh's testimony about an asserted attack on his father was both internally inconsistent and contrary to his father's affidavit.

When first asked if his father had "ever been harmed in India," Singh testified that his father had not been harmed. Government counsel then confronted Singh with the fact that his father's affidavit stated that his father had been kidnapped and beaten by persons inquiring about Singh's whereabouts, and Singh then claimed that he had "already said" that his father had been harassed and beaten in May 2018.[1] However, Singh's father's affidavit, written in June 2018, claimed that he was kidnapped and beaten in April 2016. Singh was asked about the discrepant timing, but he was unable to provide an explanation. Before the BIA, Singh claimed that his father's reference to 2016 was a typographical error, but the agency reasonably rejected this explanation, noting that it would mean that, only one month after the asserted attack, his father had made a mistake about *both* the year and the month of the attack.

Second, the agency noted that Singh presented two different versions of a hospital receipt, which, in the agency's view, suggested that both were "fabricated." The receipts allegedly document injuries Singh sustained when he was beaten by opposition party members. While each version had the same date and doctor's name, they partly differed in the prescription information and in other

---

[1] As noted, Singh had testified that his father was not harmed, and he did not mention such an attack in his testimony until the point was raised by Government counsel. However, Singh's declaration in support of his asylum application had mentioned an attack on his father but did not mention any dates.

details.  Singh stated that he had been given only one receipt by the hospital and that the other copy had been supplied by his father, but he was unable to explain why they were different.  The agency acted reasonably in concluding that the unexplained discrepancies between the two purported hospital receipts provided an additional basis for making an adverse credibility determination.  *See Yali Wang v. Sessions*, 861 F.3d 1003, 1007–08 (9th Cir. 2017).

Third, the agency concluded that Singh's credibility was further undermined by his inability to provide relevant details about his 2015 application for a visa to enter the United States, which had been denied.  On cross-examination, Singh testified that he had not sought to travel to any country other than Malaysia and that he did not decide to try to leave India until after a second attack on him in October 2015.  That suggested that Singh's visa application would have been after October 2015, but Singh insisted that he could not remember whether he applied for the visa before or after the alleged assault in October 2015.  Singh was then confronted with his prior statement, during his earlier interview with immigration officials, that the visa had been for purposes related to dairy farming, and after a long pause he stated that this was also a purpose for his seeking a visa.  But he continued to insist that he did not remember whether he applied for the visa before or after the alleged October 2015 attack.  The agency reasonably relied on Singh's inability to provide further details about the timing of his visa application as an

4

additional consideration that weighed in favor of an adverse credibility finding.

Taken together, these three reasons provide substantial evidence to support the agency's adverse credibility determination. Substantial evidence also supports the agency's determination that Singh failed to present sufficient other credible evidence in the record that could either rehabilitate his credibility or independently support his claims for asylum, withholding of removal, or relief under the Convention Against Torture. In particular, having reasonably concluded that the medical records were likely fabricated and that his father's affidavit was inconsistent with his own testimony, the agency reasonably gave little weight, absent an opportunity for cross-examination, to the additional affidavits and statements in the record. *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

The petition for review is **DENIED.**